# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TRUDY MERCER**, | ) |
| | ) CASE NO. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **COMPLAINT** |
| **KNOX EDUCATIONAL SERVICE** | ) |
| **CENTER** | ) (Jury Demand Endorsed Herein) |
| | ) |
| Defendant. | ) |

Now comes Plaintiff Trudy Mercer, by and through counsel, and for her Complaint against Defendant Knox Educational Service Center, states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this lawsuit as a result of Defendant's failure to pay Plaintiff overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a citizen of the United States, and a resident of Muskingum County, Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. Defendant Knox Educational Service Center is headquartered at 308 Martinsburg Rd., Mt. Vernon, Ohio 43050 (Knox County). It can be served through its Superintendent, Timm Mackley at 308 Martinsburg Rd., Mt. Vernon, Ohio 43050.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

## FACTUAL ALLEGATIONS

11. Defendant Knox Educational Service Center develops, implements, and operates cooperative, shared educational services for the Centerburg, Clear Fork Valley, Danville, East Knox, Fredericktown, and Mount Vernon City school districts.[1]

12. Plaintiff was employed for about 11 years as a Certified Occupational Therapist Assistant, until approximately August 24, 2021.

13. Defendant misclassified Plaintiff as an "exempt" employee.

14. Defendant paid Plaintiff a salary of approximately $39,000 per year.

---

[1] https://www.knoxesc.org/index.php/about-us (last viewed 10/20/21).

15. During the school year, Plaintiff worked approximately 42 to 45 hours during workweeks, and sometimes more.

16. Defendant did not pay Plaintiff overtime compensation at a rate of at least one and one-half times her regular rate.

17. Plaintiff was not exempt from the protections of the FLSA. *See* FLSA2008-17.[2]

18. Defendant failed to pay Plaintiff overtime compensation for the hours she worked over 40 in workweeks during the relevant period.

19. Defendant had knowledge that Plaintiff worked more than 40 hours per week.

## COUNT ONE
### (Fair Labor Standards Act Overtime Violations)

20. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

21. Defendant's practice and policy of misclassifying Plaintiff as "exempt" violated the FLSA, 29 U.S.C. § 213(a)(1).

22. Defendant's failure to pay Plaintiff overtime compensation at the rate of one and one-half times her regular rate of pay for hours worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

23. By engaging in the above-mentioned activities, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

24. As a result of Defendant' practices and policies, Plaintiff has been harmed in that she has not received overtime due to her pursuant to the FLSA, and because such wages are still unpaid, damages continue.

---

[2] https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/2008_12_19_17_FLSA.pdf

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court find Defendant liable, and:

A.    Award Plaintiff actual damages for unpaid overtime compensation;

B.    Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff under the FLSA;

C.    Award Plaintiff pre- and/or post-judgment interest at the statutory rate;

D.    Award Plaintiff attorneys' fees, costs, and disbursements; and

E.    Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
1360 E. 9th St., Suite 808
Cleveland, OH 44114
Telephone:    216-230-2955
Facsimile:    330-754-1430
Email:    rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage St., N.W.
Suite D
Massillon, Ohio 44646
Telephone:    330-470-4428
Facsimile:    330-754-1430
Email:    hans@ohlaborlaw.com
           sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Robi J. Baishnab*
Robi J. Baishnab

*Counsel for Plaintiff*