IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TRUDY MERCER,**

    **Plaintiff,**

                        Case No. 2:21-cv-5092

    vs.

                        Magistrate Judge Elizabeth P. Deavers

**KNOX EDUCATIONAL SERVICE CENTER,**

    **Defendant.**

## OPINION AND ORDER

With the consent of the parties (ECF No. 17), 28 U.S.C. § 636, this matter is before the Court for consideration of the parties' Joint Motion for Approval of Settlement and Release (ECF No. 16), which includes a request for attorney's fees. For the reasons that follow, the Joint Motion is **GRANTED**.

Plaintiff Trudy Mercer was employed by Defendant Knox Educational Service Center for about 11 years as a Certified Occupational Therapist Assistant. (Complaint, ECF No. 1 at ¶ 12.) Plaintiff alleges that she was misclassified as an "exempt" employee. (*Id*. at ¶13.) During the school year, Plaintiff worked 42 to 45 hours during workweeks, but she was not compensated at one and one-half times her regular rate of pay for such hours in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (*Id*. at ¶¶ 15, 16, 20-24.) The parties now jointly move for settlement of Plaintiff's claims and dismissal of this action. (ECF No. 16.) As a general matter, a district court or the United States Department of Labor must approve settlement agreements in cases arising under FLSA. *See Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016) (noting that the United States Court of Appeals

for the Sixth Circuit has not definitively ruled on this issue, but finding that "based on the unique purpose of the FLSA and the unequal bargaining power between employees and employers . . . FLSA settlements require approval either by the Department of Labor or a court"); *Johnson v. Kestrel Eng'g, Inc.*, No. 2:15-cv-2575, 2016 WL 7655249, at *1 (S.D. Ohio Sept. 22, 2016) ("FLSA settlement agreements generally require approval by a district court or the United States Department of Labor.") (citations omitted). To approve a settlement, a court must conclude that it is "fair, reasonable, and adequate" and that the settlement resolves a bona fide dispute under the FLSA. *See Int'l Union, United Auto, Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Kritzer v. Safelite Sols., LLC*, No. 2:10-CV-0729, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012); *but see Askew v. Inter-Cont'l Hotels Corp.,* No. 5:19-CV-24-BJB, 2022 WL 3161927, at *1 (W.D. Ky. Aug. 8, 2022) (dismissing based on the Plaintiffs' filings under Rule 41 alone).

In determining whether the settlement is fair, reasonable, and adequate, the Court may consider several factors, including Plaintiff's range of possible recovery; if the settlement enables the parties to avoid the burdens of litigation; the litigation risks faced by the parties; whether the settlement results from arm's-length negotiation between seasoned counsel; and the possibility of fraud or collusion. *Farkas v. Boschert*, No. 17-cv-12536, 2018 WL 3100905, at *2 (E.D. Mich. June 25, 2018) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). This requirement applies equally to FLSA settlements that "involve individual (as opposed to collective) claims." *Chime v. Family Life Counseling & Psychiatric Servs.*, No. 1:19-cv-2513, 2020 WL 6746511, at *3 (N.D. Ohio Nov. 17, 2020); *see also Camp v.*

*Marquee Constr., Inc.*, No. 2:18-cv-831, 2020 WL 59517, at *1 (S.D. Ohio Jan. 6, 2020) ("FLSA cases require court approval, even where only one litigant's rights are implicated.").

The Court has reviewed the Settlement and Release Agreement ("the Agreement") (ECF No. 16-1) in this case and finds the terms are fair, reasonable and adequate. The Agreement will compensate Plaintiff in the amount of $4,500.00. (*Id*. at ¶ 10.) If the parties had not reached a settlement, they faced the burdens of additional litigation. (ECF No. 16; *Declaration of Robi J. Baishnab* (ECF No. 16-2 ("*Baishnab Declaration*"), ¶¶ 3, 14.) In addition, there is no evidence that the Agreement resulted from fraud or collusion. Instead, the Agreement is the product of the parties' efforts to settle the claims and defenses in this action. (*See* ECF No. 16; *Baishnab Declaration*, ¶ 14.) The fact that the parties reached the Agreement during an arms' length negotiation between experienced counsel with the assistance of Magistrate Judge Kemp further establishes the reasonableness of the settlement. *Farkas*, 2018 WL 3100905, at *2; (*Baishnab Declaration*, ¶ 14.) In addition, the Court finds that the Agreement resolves a bona fide dispute over whether Plaintiff was properly classified as exempt, whether Plaintiff worked as many hours as alleged, whether a two or three-year statute of limitations applied, and whether Plaintiff was entitled to any payments including liquidated damages.

The Agreement also includes payment to Plaintiff's counsel. (Agreement, ECF No. 16-1, ¶ 11 (requiring a $9,500 payment to Plaintiff's counsel including $8,953.60 in fees and $546.40 in costs). The FLSA provides for the recovery of reasonable attorney's fees. 29 U.S.C. § 216(b); *Farkas*, 2018 WL 3100905, at *2. The Court finds that the $8,953.60 award of attorney's fees and costs is reasonable under the circumstances of this particular case. Plaintiff's counsel undertook this action on a contingent basis, risking the possibility of an unsuccessful outcome and no payment of any kind. (*Baishnab Declaration*, ¶ 19.) Plaintiff's counsel also

achieved an excellent outcome for Plaintiff. In addition, Plaintiff's counsel, whose hourly rate is $400, has submitted for in camera review detailed billing records reflecting total fees exceeding $18,500, which is significantly more than the ultimate amount to be paid to counsel. (*See also Baishnab Declaration*, ¶ 18; ECF No. 16-02.)

"The FLSA also provides for the reimbursement of costs, *see* 29 U.S.C. § 216(b), and awards of reasonable out-of-pocket costs incurred by Plaintiff's counsel are routinely approved by courts as part of FLSA settlements." *Risbrook v. Blue Horseshoe Network, LLC,* No. 19-11262, 2020 WL 13441574, at *7 (E.D. Mich. Sept. 4, 2020) (citing *Toliver v. Jbs Plainwell, Inc.*, No. 1:11-cv-302, 2015 WL 11255451, at *10 (W.D. Mich. Aug. 20, 2015) ("Section 216(b) of the FLSA has been interpreted to include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.' ")

For these reasons, the Court finds that the $9,500.00 award in attorney's fees and costs is reasonable under the circumstances of this case. See *Perkins v. Evolved, Inc*., No. 2:16-cv-724, 2017 WL 2987220, at *1 (S.D. Ohio June 13, 2017) ("Courts assess the reasonableness of attorneys' fees in FLSA cases, but even fee awards that surpass an award to any individual plaintiff may be approved as reasonable where the unpaid wages are relatively minor."); *Kunkle v. Q-Mark, Inc*., No. 3:13–cv–82, 2013 WL 6913250, at *1 (S.D. Ohio Dec. 30, 2013) ("[O]nce the parties have agreed that Plaintiff will receive every penny he [or she] is entitled to under FLSA and that compensation will not be diluted by attorney's fees or costs or other such provisions, the Court's review responsibilities under *Lynn's Food* are done.") (citations omitted).

Having concluded that the Agreement (ECF No. 16-1) satisfies the criteria for approval, the Joint Motion for Approval of Settlement (ECF No. 16) is **GRANTED**.  Accordingly, this action is **DISMISSED WITH PREJUDICE**.

The Clerk shall enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**


Date: October 13, 2022                                /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE